Defendant Maurice J. Spaulding has appealed from his conviction and sentence in the Summit County Common Pleas Court for possession of cocaine. He has argued that his conviction was against the manifest weight of the evidence. This Court affirms.
 I.
Defendant was arrested on February 9, 1998. During the evening, he accepted an invitation to ride with DeShawn Shinholster, his girlfriend's cousin, and Crystal Moore, a friend of Mr. Shinholster. Defendant was driven to his sister's house to pick up several videotaped movies. Ms. Moore drove, and defendant sat in the back seat, behind Mr. Shinholster.
Officers of the Akron City Police Department stopped the vehicle because the light above the rear license plate was not working and was partially covering the license plate. The officers discovered that Ms. Moore had no license. They searched her and found fifteen marijuana cigarettes in her purse. She was removed from her vehicle and placed in the rear of the officers' car.
The officers also discovered that defendant had an outstanding warrant against him. They removed defendant and began to search the vehicle. Under the seat where defendant had been sitting police discovered 57.81 grams of crack cocaine in three plastic bags. He was arrested and charged with possession of cocaine, a violation of Section 2925.11(A) of the Ohio Revised Code. Following a jury trial, he was convicted and sentenced for that crime. Defendant timely appealed to this Court.
 II. The conviction is against the manifest weight of the evidence.
Defendant has argued that his conviction was against the manifest weight of the evidence. Specifically, he has claimed that he was not in possession of the cocaine. To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v. Otten
(1986), 33 Ohio App.3d 339, 340.
In this case, defendant was convicted of violating Section2925.11(A) of the Ohio Revised Code. Pursuant to Section2925.11(A), "[n]o person shall knowingly obtain, possess, or use a controlled substance." Defendant has argued that the weight of the evidence indicated that he did not knowingly possess the 57.81 grams of crack cocaine found under his seat. Possession may be actual or constructive. State v. Kobi (1997), 122 Ohio App.3d 160,174. To demonstrate constructive possession, the evidence must show that the defendant was able to exercise dominion and control over the drugs. Id. Further, readily useable drugs found in close proximity to a defendant can constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of the drugs. Id.
The State introduced the testimony of the two officers who arrested defendant, as well as testimony of Ms. Moore and Mr. Shinholster. According to one of the officers, defendant leaned forward in the rear seat of the vehicle twice for several seconds while the officers were speaking with Ms. Moore in their car. Defendant apparently bent down such that his head was no longer visible to the officer. According to one of the officers who arrested defendant: "[H]e leaned down real far. I couldn't see him anymore. He was down there probably a good three seconds, he was completely leaned over, I couldn't see him at all."
Ms. Moore testified that, while she and defendant were in the police car and while the officers were searching her vehicle, defendant said, "I hope they don't find it." Ms. Moore also stated that "[defendant] said that if they found anything, he said he was going to say it wasn't his."
Defendant's actions and remarks supported an inference that he knowingly possessed the drugs found under the rear seat. As noted above, to demonstrate that his conviction was against the manifest weight of the evidence, defendant must show that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
In defendant's attempt to rebut the State's evidence, he claimed that the drugs were not his and that he did not know the owner. Defendant has argued that, because it was dark, he could not have seen the drugs under the seat. He has also claimed that the vehicle was not his and that two others were in the car as well. Essentially, defendant has tried to convince this Court that some other person had stored the drugs under his seat and that he was simply an innocent passenger. Even though defendant's version is indeed one possible scenario of the events of that evening, defendant has failed to demonstrate that it was the only possible scenario, or at least that the State's scenario was not possible. Thus, the jury did not lose its way and create such a manifest miscarriage of justice that its verdict must be reversed and a new trial ordered. Defendant's conviction was, therefore, not against the manifest weight of the evidence.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
KK
 The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR